In re John D. SECRIST and Jane Secrist, dba Dinner Station Ranch, Ranchinn, Ranchinn Motor Lodge, Ranchinn Associates, and Royal Crest Ranchinn, Debtors.

William VAN ARSDALE, Trustee, Plaintiff,

v.

NEVADA LIVESTOCK PRODUCTION CREDIT ASSOCIATION, a corporation, Defendant.

Bankruptcy No. 81–00902.
Adv. No. 86–110.

United States Bankruptcy Court, D. Nevada.

Jan. 14, 1987.

Stewart R. Wilson, Wilson and Barrows, Ltd., Elko, Nev., for plaintiff.

John E. Marvel, Marvel & Hansen, Elko, Nev., for defendant.

JAMES H. THOMPSON, Bankruptcy Judge.

This adversary proceeding was commenced by the filing of the Complaint on May 19, 1986. The action seeks to set aside an assignment by Debtors to Defendant of an interest in a Note and Deed of Trust, alleging that the assignment violates the provisions of 11 U.S.C. § 549.

Defendant answered herein on June 24, 1986 alleging various defenses including the expiration of the applicable statute of limitations.

Defendant thereafter, on July 18, 1986, filed a Motion for Summary Judgment, arguing the Plaintiff's action was barred because of the running of the statute of limitations.

The parties filed their respective Response and Reply and the matter was duly submitted on the pleadings of record for the Court's decision.

The matter having been submitted and the Court having reviewed the pleadings of record and the arguments and authorities

presented, and good cause therefor appearing, the Court makes the following,

## FINDINGS OF FACT:

1. That Plaintiff, the duly appointed Trustee herein, seeks to avoid a post-petition transfer between Debtors and Defendant;

2. That said post-petition transfer consists of an interest in a Note secured by a Deed of Trust on real property in Elko County, Nevada;

3. That said post-petition transfer occurred on March 11, 1983.

4. That Plaintiff's action herein was commenced on May 19, 1986;

5. That Plaintiff admits the Complaint is barred on its face by the expiration of the statute of limitations.

The Court makes the following,

## CONCLUSIONS OF LAW:

1. That 11 U.S.C. § 549(d) applies to Plaintiff's action and provides that a Trustee may seek to avoid certain post-petition transfers of estate property as provided in the statute;

2. That, unlike former Section 70(d), the apparent predecessor of Section 549, the current Section has its own statute of limitations which provides:

"(d) An action or proceeding under this section may not be commenced after the earlier of—

(1) two years after the date of the transfer sought to be avoided; or

(2) the time the case is closed or dismissed."

This limitation is comparable to that contained in Section 546(a) which applies to pre-petition transfers but differs by not being dependent on the date of the Trustee's appointment. Both Sections 546 and 549 were provided by the same legislative enactment, being P.L. 95–598, November 6, 1978. Section 549(d) has had a minor amendment by P.L. 98–353, of July 10, 1984;

3. That the language of Section 549(d) is clear, plain and unambiguous;

4. That the Supreme Court, seventy years ago in *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442, (1917), specified that a clear statutory mandate is to be enforced by the courts according to its terms, i.e.:

"It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the court is to enforce it according to its terms."

The Court as recently as 1982 has reiterated this rule in *Central Trust Co. v. Creditor's Committee*, 454 U.S. 354, 359–360, 102 S.Ct. 695, 697–698, 70 L.Ed 2d 542 (1982);

5. That it is clear that Congress intended that the statute of limitations contained in Section 549(d) would begin to run in this matter from the date of the alleged transfer and not from the date of the appointment of a trustee as the statute does not contemplate the appointment of a trustee;

6. That Plaintiff's Complaint is barred as a matter of law due to the expiration of the applicable statute of limitations over one year before commencement of Plaintiff's action and, therefore, even viewing all facts in a light most favorable to Plaintiff, there remains no issue of a material fact and Defendant is entitled to judgment in its favor on its defense.

IT IS THEREFORE HEREBY ORDERED that Defendant Nevada Livestock Production Credit Association's Motion for Summary Judgment is hereby granted and that said Defendant have judgment entered in its favor.