**In re H.I.A. OF MT. VERNON, Debtor.**

**Gibson KARNES, Trustee of the Estate of H.I.A. of Mt. Vernon, Plaintiff,**

v.

**FIRST BANK & TRUST COMPANY OF MT. VERNON, Defendant.**

Bankruptcy No. 85–40114.

Adv. No. 87–0188.

United States Bankruptcy Court, S.D. Illinois.

Dec. 29, 1987.

James M. Wexstten, Mt. Vernon, Ill., for trustee/plaintiff.

Donald Musick, Mt. Vernon, Ill., for bank/defendant.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on the Trustee's Complaint to Avoid Post–Petition Transfer. At the trial of the matter, the sole issue raised was the threshold question of whether the Trustee's cause of action is barred by the statute of limitations

contained in 11 U.S.C. § 549(d).[1]

At the trial, the parties represented that no factual issues pertaining to the statute of limitations issue remained in dispute. The facts, as presented by the parties and gleaned from the record, are as follows:

On March 29, 1985, debtor filed its petition in bankruptcy pursuant to Chapter 11 and the debtor remained in possession. Subsequently, on May 8, 1985, the transfer in question occurred in the amount of $13,-671.00.[2] The transfer was made after the commencement of the case and was not authorized within the meaning of § 549(a). On April 3, 1986, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code. The interim trustee was appointed on April 11, 1986 and at the § 341 meeting on April 25, 1986 the appointment became permanent. Thereafter, the parties had discussions about the transfer but according to plaintiff no demand was made upon defendant.[3] Plaintiff presented no evidence to show that he was induced by any acts or representations of defendant to forego filing his complaint. On August 26, 1987, plaintiff filed his complaint seeking to avoid the unauthorized post-petition transfer pursuant to 11 U.S.C. § 549. Defendant's answer was filed on September 16, 1987.

Plaintiff's complaint arises under § 549 of the Bankruptcy Code, seeking the return to the estate of a payment allegedly made by the debtor to the defendant after the bankruptcy petition was filed. Section 549 contains its own statute of limitations, § 549(d), which provides:

> (d) An action or proceeding under this section may not be commenced after the earlier of—
>
> (1) two years after the date of the transfer sought to be avoided; or
>
> (2) the time the case is closed or dismissed.

Accordingly, the clear wording of the statute requires that a complaint seeking recovery of a post-petition transfer in an open bankruptcy proceeding must be filed within two years of the date of the transfer.

However, plaintiff argues that the § 549 transfer herein should be subject to the limitations period of § 546(a)[4] rather than § 549(d) because the proceeding began under Chapter 11 with the debtor in possession and was thereafter converted to a Chapter 7 case. Section 546(a) provides:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

Both sections 546 and 549 were provided by the same legislative enactment, P.L. 95–598, Nov. 6, 1978. However, while the § 546(a) limitations period applies to certain prepetition transfers which are expressly enumerated, Congress enacted § 549 with its own statute of limitations

---

1. Defendant never pleaded the affirmative defense of statute of limitations prior to the trial. However, plaintiff's failure to object that the defense was thereby waived resulted in evidence on this issue being adduced at trial.

    If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged ... 2A Moore's Federal Practice ¶ 8.27[3], at 8–184 to 185 (2d ed. 1986).

2. The record, as contained in the pleadings and as argued at trial, is unclear as to certain facts pertaining to the amount, date and parties involved in the alleged post-petition transfer.

However, because the court is called upon here only to decide the preliminary issue of whether the action is time-barred, these questions need not be resolved at this time.

3. Plaintiff's complaint alleges that plaintiff made written demand upon defendant to turn over the monies paid to defendant. However, plaintiff represented at trial that no demand was made.

4. Plaintiff argued at trial that the limitations period of 11 U.S.C. § 550 should govern. However, § 550 applies to an action in which the trustee seeks to recover property for the benefit of the estate from the transferee of an avoided transfer. Clearly, this section does not apply to the facts of the case at bar.

governing post-petition transfers. *See, In re Secrist,* 71 B.R. 268, 269 (Bankr.D.Nev. 1987). The limitations period of § 546(a) is dependent on the date of the trustee's appointment. In contrast, the § 549(d) limitations period runs from the date of the transfer sought to be avoided. 4 *Collier on Bankruptcy* ¶ 549.03, at 549–14 (15th ed. 1987). By its plain language, its limitations period is not dependent on the date of the trustee's appointment. This Court will enforce a clear statutory mandate according to its terms. *See, In re Secrist,* 71 B.R. at 269 citing *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917) and *Central Trust Company v. Creditor's Committee,* 454 U.S. 354, 359–360, 102 S.Ct. 695, 698, 70 L.Ed.2d 542 (1982). While this is a matter of first impression in this Court, other courts that have considered the issue have held accordingly. *In re Majesto Electro Industries, Ltd.,* 71 B.R. 84 (Bankr.M.D. Pa.1987); *In re AFCO Development Corp.,* 65 B.R. 781 (Bankr.D.Utah 1986).

■ The plaintiff also argues that as a matter of policy the Court should invoke the doctrine of tolling during the pendency of the Chapter 11 proceeding so that § 549's limitations period would begin to run from the date the Chapter 7 trustee is appointed. Plaintiff's argument is persuasive. Section 549(d) creates a measurable problem for the Chapter 7 trustee who replaces a Chapter 11 debtor who has failed to act while the statutory clock is ticking. Although the Chapter 7 trustee herein had over one year to file his complaint before the action was barred, in other cases the trustee may be precluded from acting even before his appointment. However, there is no provision in § 549, or in any other section of the Code, that would permit the statute to be tolled. *See, In re Majesto,* 71 B.R. at 86. "[I]naction by a Chapter 11 debtor in possession or trustee, or by a Chapter 13 trustee, will always operate against the trustee in a superseding Chapter 7 case." *In re AFCO Development Corp.,* 65 B.R. at 787 n. 7.

Additionally, there is no factual basis in the instant case that would permit the Court to invoke the doctrine of equitable estoppel as a bar to defendant's statute of limitations defense. The plaintiff has presented no evidence to show that he failed to file his action within the prescribed time due to any acts or representations of defendant. *See, e.g., Smith v. Mark Twain National Bank,* 805 F.2d 278 (8th Cir.1986).

Therefore, until Congress mandates otherwise, this Court must enforce § 549(d) according to its plain language. In the instant case, where the evidence shows without contradiction that the complaint was filed more than two years after the alleged transfer, plaintiff's action is time-barred.

IT IS THEREFORE ORDERED that plaintiff's complaint is DISMISSED.