**In re MANCHESTER CENTER, a California Limited Partnership, Debtor.**

**Bankruptcy No. SA 89–07096 JW.**

United States Bankruptcy Court,
C.D. California.

Jan. 16, 1991.

David M. Stern and Andrew S. Pauly of Stern, Neubauer, Greenwald & Pauly, A Professional Corp., Santa Monica, Cal., for Secured Creditor Pacific Inland Constructors Corp.

Lawrence C. Meyerson, James Andrew Hinds, Jr., of Rosen, Wachtel & Gilbert, A Professional Corp., Los Angeles, Cal., for Secured Creditor First Mortg. Interstate Co.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

This matter comes before the Court on creditor Pacific Inland Constructors Corp.'s ("PICC") motion to set aside two stipulations and orders of the Court. Creditor First Interstate Mortgage Company opposed PICC's motion. For the reasons set forth below, the motion is denied.

## BACKGROUND

The relevant facts are essentially undisputed. On November 7, 1989, Manchester Center, a California limited partnership, filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. At the time of filing, the debtor's principal assets consisted of an office building and a lease of a parking facility, both located in Anaheim, California. In the petition, the debtor listed the value of the property, including the leasehold interest, at $35,500,-000.00.

First Interstate Mortgage Company ("FIMC") and Pacific Inland Constructors Corp. ("PICC") both hold secured claims against property in the estate of Manchester Center. FIMC's claim in excess of $25,-000,000.00 arises from a construction loan

and is secured by a deed of trust on the office building. In addition, FIMC was granted a security interest in the debtor's leasehold estate in the parking structure by the stipulation and order modifying the automatic stay, which is the subject of the present dispute. PICC holds a claim of nearly $1,000,000.00 for work performed in connection with the office building. PICC's claim is secured by a mechanic's lien on the building, and PICC may have a substantial unsecured claim as well. At the time of this motion, FIMC and PICC were engaged in litigation in state court to determine the relative priority of their respective interests.

In December 1989, FIMC filed a motion for relief from the automatic stay, and served PICC with the motion and notice of the hearing set for January 3, 1990. PICC appeared at, and participated in, the proceeding wherein the Court set the matter for a final hearing on January 31, 1990. PICC did not attend the hearing on January 31, or any subsequent hearing on the motion. On January 31, 1990, a final hearing was conducted, a stipulation was discussed, and the matter was continued to March 21, 1990. At the hearing on March 21, 1990, the parties announced a stipulation modifying the automatic stay. The Court did not require the parties to comply with the notice requirements of Bankruptcy Rule 4001(d). Following the hearing, a written stipulation and order was lodged. The order was signed on April 4, 1990, and entered on April 6, 1990.

On March 12, 1990, FIMC also filed a motion to prohibit the continued use of cash collateral. The hearing on the motion was set for March 15, 1990. On or about March 12, 1990, PICC received notice of the hearing. The notice of motion and motion mailed to PICC on March 9, 1990, contained as an exhibit a proposed stipulation for the interim use of cash collateral which was eventually entered as the order of the Court.

In order to hear both the relief from stay motion and the cash collateral motion on the same day, the hearing on the motion to prohibit the continued use of cash collateral set for March 15, 1990, was continued to March 21, 1990. Although receiving notice, PICC did not attend any of the hearings, nor did PICC otherwise participate in the cash collateral matter. At the hearing on March 21, 1990, a stipulation for the interim use of cash collateral was presented to the Court and entered into the record. The Court again did not require Rule 4001(d) notice. A written stipulation and order was subsequently lodged; the order was signed on April 4, 1990, and entered on April 5, 1990.

On September 17, 1990, PICC filed a motion pursuant to Bankruptcy Rule 9024 to set aside both the order modifying the automatic stay and the order providing for the interim use of cash collateral. A hearing was set for October 17, 1990. Although PICC's motion is based on procedural grounds, PICC takes particular exception to a provision in the stay stipulation pledging the Garage Lease as additional security for FIMC's interest. FIMC opposed PICC's motion, and PICC submitted a reply. The hearing scheduled for October 17, 1990, was continued to November 21, 1990, at which time, the Court took this matter under submission.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334(a), (d); 28 U.S.C. § 157(a), (b)(1), (b)(2)(A) and (O), and general order No. 266 of the United States District Court for the Central District of California.

## ISSUE

Whether the failure to provide Bankruptcy Rule 4001(d) notice of stipulations entered in connection with a motion for relief from stay and a motion to prohibit the continued use of cash collateral to a creditor who is designated by the rule to receive such notice, but who had notice of the underlying motions, violates that creditor's right to due process under the Fifth Amendment?

## ANALYSIS

The gravamen of PICC's motion is manifest. PICC contends that since the notice requirements of Bankruptcy Rule 4001(d)

are mandatory, the failure to observe such requirements in connection with the cash collateral and modification of the stay stipulations deprived PICC of due process and rendered the orders entered upon the stipulations void. Movant argues that the stipulations and orders should, therefore, be set aside pursuant to Bankruptcy Rule 9024. Movant's argument is not persuasive.

Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure into the Bankruptcy Rules. Rule 60 authorizes relief from void judgments by providing in relevant part that "[o]n motion and upon such terms that are just, a court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void...." Fed.R.Civ.P. 60(b)(4). "An order is void if it is issued by a court in a manner inconsistent with the due process clause of the Fifth Amendment." *In re Krueger*, 88 B.R. 238, 241 (9th Cir.BAP 1988) (citations omitted).

■■■ A violation of a statutory notice requirement, however, is not necessarily a violation of due process, *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir.1985), and an order issued in connection with such notice is not necessarily void. *Id.* To warrant relief pursuant to Rule 60(b)(4), therefore, the moving party must not only identify a technical inadequacy in the notice provided, but must also establish the denial of right to due process. *Id.*

■■■ According to Bankruptcy Rule 4001(d):

A motion for approval of an agreement to provide adequate protection, for the modification or termination of the stay provided for in § 362, for the use of cash collateral, or for approval of an agreement between the debtor and an entity that has a lien or interest in property of the estate pursuant to which the entity consents to the creation of a lien senior or equal to the entity's lien or interest in such property shall be served on any committee appointed under the Code or its authorized agent, or, if no committee has been appointed, on the creditors listed on the list filed pursuant to Rule 1007(d) and on such other entities as the court may direct. The motion shall be accompanied by a copy of the agreement.

Bankr.R. 4001(d)(1). Bankruptcy Rule 4001(d) was adopted by the 1987 amendments to the Bankruptcy Rules "[t]o remedy what was perceived as a growing problem of "sweetheart" deals between the debtor and secured creditors." *In re Weber*, 99 B.R. 1001, 1005 n. 3 (Bkrtcy.D. Utah 1989).

Frequently, the debtor in possession promises to furnish adequate protection to the party seeking relief from stay. Such an agreement may possibly have an adverse impact on the interest of the general unsecured creditors. This possibility also may be present when the debtor in possession agrees to furnish adequate protection in order to use cash collateral or to obtain credit.

*Id.* (quoting Norton Bankruptcy Pamphlet 1988–1989 Ed., p. 242). Rule 4001(d) operates to protect the interest of the creditor who may be adversely affected by an undisclosed agreement by requiring notice to parties who may have an interest in, or be affected by, such an agreement. *In re Prairie Trunk Ry.*, 112 B.R. 924, 928 (Bkrtcy.N.D.Ill.1990).

Whether, or to what extent, Rule 4001(d) is applicable to agreements that are disclosed and/or before the court in connection with a proceeding commenced pursuant to some other provision of the Bankruptcy Rules is unclear. To require notice of a proposed agreement to parties that have declined to participate in the underlying proceeding, or to require service of a proposed stipulation on a larger number of entities than served with notice of the initial action, appears "unduly complicated and protracted." *In re Bramham*, 38 B.R. at 464.

■■■ Although the applicability of Rule 4001(d) should be limited to agreements entered into outside the aegis of the bankruptcy court, such a determination is not necessary to deny PICC's motion. PICC correctly points out that the notice it received did not comport with the procedural

requirements set forth in Bankruptcy Rule 4001(d), that this Court did not require adherence to the notice provisions therein, and that the moving party did not gratuitously provide such notice. As discussed above, however, and without conceding that Rule 4001(d) was even a statutory requisite under the circumstances before the Court, noncompliance with the notice requirements of Rule 4001(d) does not ipso facto constitute a violation of due process necessary to sustain a motion to set aside an order pursuant to Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b)(4).

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court established the due process requirements for notice. The Court in *Mullane,* held that:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. (Citations omitted). The notice must be reasonably calculated to convey the required information, (citation omitted), and it must afford a reasonable time for those interested to make their appearances.

*Id.* at 314, 70 S.Ct. at 657 (citations omitted). Moreover, "the adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge the circumstances show such party may be taken to have of the consequences of his own conduct." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389–90, 8 L.Ed.2d 734 (1962).

In *In re Bramham*, 38 B.R. 459 (Bkrtcy. D.Nev.1984), the bankruptcy court determined that despite the failure to provide creditors with a separately noticed motion seeking approval of a stipulation and order as required by Bankruptcy Rule 2002, the notice of the original, or underlying, motion satisfied the requirements of due process. In *Bramham*, a creditor filed a motion for an order to provide adequate protection.

Notice of the motion was sent to all creditors. At the time of the motion, the settlement of controversies was governed by Bankruptcy Rule 2002(a), requiring a 20–day notice to parties in interest of a hearing on approval of a compromise or settlement of a controversy, unless the court for cause shown directs that notice not be sent. At the hearing for adequate protection, the moving creditor informed the court that it had reached a stipulation with the debtor regarding adequate protection. Counsel then put the "essence" of the stipulation into the court record. No creditors objected; apparently, no other creditors attended the hearing. The oral stipulation was later reduced to a writing and signed by the judge the next day. In denying the third party creditor's motion to set aside the order on due process grounds, the court reasoned that "[b]ecause a request for adequate protection of a creditor's allowed secured claim may involve the use of estate property, all interested parties notified of such a motion should be *on notice* that their pecuniary interests may be adversely affected at such a hearing." *Id.* at 466 (emphasis added). The court also pointed out that "creditors were notified of the adequate protection hearing, that the essence of the stipulation was placed on the record, and no objections or comments were offered by any interested third party." *Id.*

■ PICC received notice as well as a copy of the motion for both FIMC's relief from stay motion and FIMC's motion to prohibit the use of cash collateral. Considering the subject matter of the two motions, PICC was, or should have been, on notice that its pecuniary interests might be affected. See *Bramham*, 38 B.R. at 466.

Notice also provided PICC the opportunity to appear at the hearings and present its objections. In connection with the relief from stay motion, PICC exercised this opportunity by appearing at, and participating in, the preliminary hearing. PICC also received notice of the continued hearing, but chose not to attend. Although PICC did not participate in the cash collateral proceedings, not only did it have the oppor-

tunity to do so, but the cash collateral stipulation PICC seeks to set aside was also attached as an exhibit to the notice and motion served on PICC. Finally, the substance of the stipulations PICC seeks to set aside were entered into the record in open court.

Having been notified of FIMC's relief from stay motion and FIMC's motion to prohibit the use of cash collateral, having had the "essence" of the stipulation read into the record in open court, and having had the opportunity to appear and object, but choosing only to attend the preliminary hearing on FIMC's relief from stay motion, PICC must accept the consequences of its decision not to more fully participate in the subject proceedings.

## CONCLUSION

For the foregoing reasons, the Court concludes that PICC had notice comporting with the requirements of due process.

Accordingly, PICC's motion to set aside stipulations and orders is denied.

IT IS SO ORDERED.