In re PAPA'S MARKET CAFE, INC.
d/b/a Papa's Cafe & Bar, Debtor.

Sheldon L. SOLOW, Trustee, Plaintiff,

v.

FIRST OF AMERICA BANK—
GOLF MILL, Defendant.

Bankruptcy No. 87 B 09074.

Adv. No. 93 A 0536.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 14, 1993.

Sheldon Solow, Sachnoff & Weaver, Ltd., Chicago, IL, Trustee.

Murray Westler, Chicago, IL, Arnstein & Zeller, Skokie, IL, for defendant.

## MEMORANDUM OPINION

DAVID H. COAR, Bankruptcy Judge.

This matter comes before the Court on Defendant's motion to strike and dismiss Plaintiff's complaint on the grounds that the Court lacks authority to grant the relief requested and that the claim is not timely under § 549(d) of the Bankruptcy Code. After reviewing the pleadings, the briefs submitted by the parties, and the applicable law, the Court now issues Findings of Fact and Conclusions of Law.

## BACKGROUND

The Debtor, Papa's Market & Cafe, Inc., d/b/a/ Papa's Cafe & Bar [Papa's Cafe], was owned and managed by Derrik Grove [Grove], John E. Westman and Claudia Westman [the Westmans]. On or around August 23, 1984, Grove and the Westmans sought to obtain funds to operate Papa's Cafe. They executed an installment promis-

sory note for $290,000 in favor of Golf Mill State Bank, a predecessor to the Defendant, First of America Bank of Golf Mill [Golf Mill]. The note was secured by a lien on all of the Debtor's assets, including equipment and trade fixtures. The note to Golf Mill was to be repaid in 35 installments at a rate of 2% over prime with the final installment due on August 22, 1987. Papa's Cafe guaranteed Grove's and the Westmans' obligations to Golf Mill.

In June, 1987, Papa's Cafe filed a voluntary petition under chapter 11 of the Bankruptcy Code. At that time, the remaining indebtedness on the note was about $124,-101.33. In September, 1987, Golf Mill filed a motion to modify the automatic stay to provide adequate protection for its liens on Papa's Cafe's assets. Grove, the Westmans, the Debtor and the U.S. Trustee were served with notice of the motion.[1] The Defendant and Papa's Cafe as debtor in possession subsequently entered into an agreement to provide adequate protection to Golf Mill. On November 24, 1987, the Court entered an order [Agreed Order] which approved and memorialized the parties' agreement to modify the automatic stay. The Agreed Order provided, in relevant part:

[P]ursuant to a note executed May 24, 1984, Derrik Grove is indebted to Golf Mill State Bank in the amount of $124,101.33 with interest accrued at a per diem of $37.58;

[I]n return for said borrowing, Derrik Grove granted unto Golf Mill State Bank a valid and perfected security interest in and unto all of the assets used by the Debtor in the operation of its business, said assets being located on the premises of the Debtor;

Derrik Grove, also Debtor in these proceedings, is the legal and equitable title holder to the assets described herein;

Golf Mill State Bank is entitled to payments from the Debtor as lessee and/or Derrik Grove as owner of said assets as adequate protection for the use of its collateral;

---

1. The Notice of Motion and Motion for Modification of the Automatic Stay by Golf Mill were entered on the docket on September 28, 1987, but were missing from the case file. Copies of these documents and their corresponding service lists were provided to the Court by the parties.

IT IS HEREBY ORDERED that PAPA'S MARKET CAFE, INC., d/b/a/ PAPA'S CAFE AND BAR, be and they are hereby authorized, empowered, and directed to pay Golf Mill State Bank the sum of $4,151.89 per month with the initial payment coming due on November 15, 1987 and each and every subsequent payment coming due 30 days thereafter. Said payments being made for a period of three years until the indebtedness to Golf Mill State Bank has been paid in full. Furthermore, back interest in the sum of $3,851.33 shall be paid no later than December 31, 1987, and

IT IS FURTHER ORDERED that pursuant to the note executed by Derrik Grove, said attorneys shall be paid the sum of $1,750.00 no later than December 1, 1987.

Papa's Cafe, as debtor in possession, made payments to Golf Mill pursuant to the Agreed Order. In February, 1989, the Court directed the United States Trustee to appoint a trustee to administer the estate. David R. Herzog [Herzog] was appointed chapter 11 trustee on February 8th of that year. Herzog made payments to Golf Mill pursuant to the Agreed Order until October 20, 1992, when the case was converted to chapter 7. The Plaintiff, Sheldon L. Solow [Trustee], was appointed chapter 7 trustee. At that time, approximately $74,000 had been paid to Golf Mill under the Agreed Order.

Trustee filed this adversary complaint on May 7, 1993. Count I seeks to vacate the November 24, 1987 Agreed Order. Count II seeks to avoid the payments made to Golf Mill after November 24, 1990 under § 549 of the Code. Golf Mill responded with a motion to strike and dismiss the complaint.

### STANDARD OF REVIEW

Although Golf Mill does not articulate the statutory basis for its motion to dismiss, the Court will assume that the motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Fed.R.Bankr.P. 7012.[2] A Rule 12(b)(6) motion should be granted if the complaint does not state a cause of action upon which relief may be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir.1989). When evaluating a motion to dismiss, the Court must assume that all of the factual allegations in the pleadings are true, and must construe the pleadings and all reasonable inferences which derive therefrom in favor of the non-moving party. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991). Unless it appears beyond doubt that the plaintiff can prove no facts which would entitle him to relief, the Court must deny the motion. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### DISCUSSION

Trustee alleges that Golf Mill was paid by either Papa's Cafe or Herzog, and that Golf Mill received more than it was entitled to receive as adequate protection under the Agreed Order. Moreover, Trustee maintains that notice of the motion to modify the automatic stay was not provided to creditors as required by Bankruptcy Rule 4001(d), so the Agreed Order was void *ab initio.* Trustee also maintains that regardless of the validity of the Agreed Order, Golf Mill received payments from either Papa's Cafe or Herzog in excess of the amounts authorized by the Court. Accordingly, Trustee seeks to vacate the Agreed Order and to recover the excess payments made to Golf Mill. Golf Mill responds that the Agreed Order is a final order not subject to modification at this late date, and that Trustee's claim is time barred by § 549(d) of the Bankruptcy Code.

### Is the Agreed Order a Valid, Final Order

The finality of the Agreed Order is dispositive of Count I, which seeks to vacate that

---

**2.** Without elaborating, Golf Mill also moves the Court to strike the complaint. Motions to strike are generally disfavored, and will not be granted unless it appears to a certainty the plaintiffs would succeed despite any state of the facts that could be proved in support of the defense. *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2306, 119 L.Ed.2d 228 (1992). Here, it is unclear as to what portions of the complaint Golf Mill seeks to strike, or that Trustee will not succeed "despite any state of facts that could be proved" by Golf Mill. The Court will therefore treat the motion solely as a motion to dismiss.

ruling. If the Agreed Order was not final, it may be modified or vacated by the Court; if it was final, the Court has no authority to grant the relief requested under Count I. 11 U.S.C. § 105(a); Fed.R.Civ.P. 60(b), as incorporated by Fed.R.Bankr.P. 9024. However, Count II pertains to payments exceeding the scope of the Agreed Order. Thus the issue of whether the Agreed Order was final is irrelevant to the relief sought and the issues presented under Count II.

Trustee urges that the Agreed Order must be vacated because insufficient notice was afforded to creditors in contravention of Bankruptcy Rule 4001(d).[3] Rule 4001(d)(1) provides, in relevant part:

A motion for approval of an agreement ... (C) to modify or terminate the stay provided for in § 362 ... shall be served on any committee elected pursuant to § 705, or appointed pursuant to § 1102 of the Code or its authorized agent, or, if the case is a ... chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to § 1102, on the creditors included on the list filed pursuant to Rule 1007(d), and on such other entities as the court may direct. The motion shall be accompanied by a copy of the agreement.

■ The purpose of Rule 4001(d) is to protect the interests of all parties that may be adversely affected by an undisclosed agreement by affording them notice and the opportunity to timely object, and to remedy what were perceived as "sweetheart deals" between the debtor and secured creditors. *In re Manchester Center,* 123 B.R. 378, 381 (Bankr.C.D.Cal.1991); *In re Prairie Trunk Ry.,* 112 B.R. 924, 928 (Bankr.N.D.Ill.1990); *In re Weber,* 99 B.R. 1001, 1005 n. 3 (Bankr. D.Utah 1989). Therefore, notice must be served on all creditors' committees (or all creditors listed by the Debtor if there is no committee) in case of a motion for approval of an agreement to provide adequate protection or to modify the stay. After the proper

notice is filed and if there are no objections, the court may then enter an order to approve or disapprove an agreement without further hearings. *Prairie Trunk Ry.,* 112 B.R. at 928. This is the minimum protection the court can afford interested creditors and other parties. *In re Ridgeline Structures, Inc.,* 154 B.R. 831, 832 (Bankr.D.N.H.1993).[4]

■ Noncompliance with Rule 4001(d) does not ipso facto constitute a violation of due process necessary to set aside an order. *Manchester Center,* 123 B.R. at 382. However, a court generally cannot infer knowledge of an adequate protection order on parties who did not receive actual notice in compliance with Rule 4001(d) or some comparable provision. *In re Gatlinburg Motel Enters.,* 106 B.R. 492, 495–96 (Bankr.E.D.Tenn.1989).

Here, the Agreed Order states that due notice was given to all parties in interest, but the record does not indicate that a Rule 4001(d)(1) notice was sent out. In fact, only five parties were included on the service list for Golf Mill's Notice of Motion and for the Motion for Modification of the Automatic Stay: Grove, the Westmans, the Debtor and its counsel, and the United States Trustee. Thus no creditor received actual notice of the Agreed Order. The unsecured creditors who were intended to be protected by Rule 4001(d)(1) were completely without notice of what was transpiring.

■ To be sure, failure of a party or a creditor to fully participate in bankruptcy proceedings that may affect their pecuniary interests, but an *election* not to participate requires that they accept the consequences. *In re Chappell,* 984 F.2d 775, 783 (7th Cir. 1993); *Manchester Center,* 123 B.R. at 383; *In re TransOcean Tender Offer Sec. Litig.,* 455 F.Supp. 999, 1007 (N.D.Ill.1978). But if interested parties are not informed of a proceeding that may adversely affect them, due process renders any judgments entered at that proceeding void. *In re Tek–Aids In-*

---

3. Paragraph (d) was added to Rule 4001 on March 30, 1987, effective August 1, 1987. Advisory committee notes to 1987 Amendments. Thus Rule 4001(d)(1) was in effect at the time Golf Mill's notice and motion were filed.

4. Rule 4001(d)(4) provides for waiver of the requirements of paragraph (1) if an alternative form of adequate notice was provided. However, paragraph (4) was not enacted until 1991. The Court therefore need not visit the question of whether such alternative notice requirements were satisfied for the 1987 Agreed Order.

*dus.,* 145 B.R. 253, 257–58 (Bankr.N.D.Ill. 1992). *See also, Simer v. Rios,* 661 F.2d 655, 663–64 (7th Cir.1981). In *Tek–Aids,* Judge Ginsberg speaks of the order issued (without adequate notice) as being void under Rule 60(b)(4). If Count I is deemed to be a Rule 7060(b)(4) motion for Relief from Judgment or Order, there still remains the question of whether that relief has been sought within a reasonable time. Because that issue has not been adequately addressed by the motion to dismiss and memoranda filed in connection therewith, the Court will not address it here. Accordingly, Golf Mill's motion to dismiss Count I will be denied. Trustee's arguments regarding the propriety of the amount of adequate protection awarded need not be addressed at this time.

### Statute of Limitations—§ 549(d)

Golf Mill maintains that the complaint should be dismissed as untimely pursuant to § 549(d) of the Code. § 549(d) provides: "An action or proceeding under this section may not be commenced after the earlier of— (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed." 11 U.S.C. § 549(d). Trustee acknowledges that the complaint was not filed within the limitations period prescribed by § 549(d). However, Trustee suggests that § 549 does not apply to Count I which merely seeks to modify an interlocutory order. Trustee further maintains that the statute of limitations should be equitably tolled, or, alternatively, that Golf Mill should be equitably estopped from asserting § 549(d) as a time bar.

### Equitable Tolling

Under the plain language of § 549, all claims to recover post-petition transfers must be brought within two years of the date of the transfer.[5] However, statutes of limitations may be tolled by the inequitable conduct of one or more parties. *In re Fan,* 132 B.R. 430, 432 (Bankr.D.Haw.1991); *In re Bookout Holsteins, Inc.,* 100 B.R. 427, 429 (Bankr.N.D.Ind.1989). For example, the

limitations period may be tolled when a defendant fraudulently conceals the existence of a valid claim from the plaintiff until after the statute has expired. *In re E–Tron Corp.,* 141 B.R. 49, 55 (Bankr.D.N.J.1992). This equitable tolling provision must be read into every federal statute. *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). The rationale is that the need to thwart fraudulent concealment in bankruptcy cases is paramount to the need for finality afforded by statutes of limitations. *In re Consol. Partners Inv. Co.,* 152 B.R. 485, 492 (Bankr.N.D.Ohio 1993); *In re McGoldrick,* 117 B.R. 554, 558 (Bankr. C.D.Cal.1990). Further, wrongdoers should not be permitted to conceal their fraudulent acts and then later use the statute of limitations to shield their conduct from prosecution. *Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir.1969).

A trustee's mere failure to act in a timely manner precludes the commencement of an action beyond the limitations period. *Consol. Partners,* 156 B.R. at 984. A debtor in possession bears the same responsibility as a trustee to pursue all claims on behalf of the estate diligently. *In re Phillip,* 948 F.2d 985, 988 (5th Cir.1991). There are two types of cases where untimely conduct may be excused under the equitable tolling doctrine. First, the limitations period may be tolled where fraud is undiscovered although the defendant does nothing to conceal it (i.e., where the debtor negligently fails to schedule an asset). *Suslick v. Rothschild Secs. Corp.,* 741 F.2d 1000, 1004 (7th Cir. 1984); *In re Lyons,* 130 B.R. 272, 280 (Bankr.N.D.Ill.1991). The plaintiff has the burden of proving due diligence and the exercise of reasonable care. *Morgan,* 419 F.2d at 997. Second, where fraud is undisclosed due to the defendant's affirmative acts to conceal it, the plaintiff may toll the statute by coming forth with evidence that the defendant's conduct or representations prevented the claim from being timely filed. *Lyons,*

---

**5.** It is of no moment that the complaint was filed within two years of Trustee's appointment. When a chapter 11 case is converted to chapter 7, the § 549(d) period applies, rather than the limitations period of § 546(a), even if a new

trustee is appointed. *In re Consol. Partners Inv. Co.,* 156 B.R. 982, 984 (Bankr.N.D.Ohio 1993); *In re H.I.A. of Mt. Vernon,* 80 B.R. 944, 946 (Bankr.S.D.Ill.1987); *In re Majesto Electro Indus.,* 71 B.R. 84, 86 (Bankr.M.D.Pa.1987).

130 B.R. at 280–81; *H.I.A. of Mt. Vernon*, 80 B.R. at 946.

■■■■ Trustee asserts that the statute of limitations should be equitably tolled for two reasons. First, Trustee alleges that Golf Mill knew or should have known that proper notice of the Agreed Order was not given to creditors in violation of Bankruptcy Rule 4001(d). Second, Trustee maintains that Golf Mill knew or should have known that it was to receive substantially more than the value of its collateral as a result of the Agreed Order, but Golf Mill failed to disclose this fact. These arguments are applicable to Count I which seeks to vacate the Agreed Order, but are irrelevant to the recovery of unauthorized transfers alleged in Count II. § 549 is irrelevant to court ordered postpetition transfers. 11 U.S.C. § 549(a)(2)(B). Thus § 549 does not apply to Count I because the Agreed Order was approved by the Court. However, the allegations of Count II fall squarely within the purview or § 549. Because Trustee has not articulated and the Court has not discovered any reason why the two year limitations period of § 549 should be tolled for Count II, Trustee's equitable tolling defense must fail.

**Equitable Estoppel**

■■■■ Trustee alternatively argues that even if the statute of limitations is not tolled, Golf Mill should be equitably estopped from asserting a § 549 defense. Unlike equitable tolling, equitable estoppel applies when the plaintiff knows about the existence of a claim within the limitations period but fails to assert it due to misrepresentations by the defendant. *Smith v. Mark Twain Nat'l Bank*, 805 F.2d 278, 293 (8th Cir.1986); *In re Springfield Furniture, Inc.*, 145 B.R. 520, 532 (Bankr.E.D.Va.1992). Equitable estoppel may be invoked in actions under § 549(d). *Smith*, 805 F.2d at 294. The bankruptcy trustee must show that he actually and reasonably relied on the alleged misconduct in forgoing avoidance actions. *Springfield Furniture*, 145 B.R. at 531.

■■ While equitable estoppel may prevent creditors from asserting a statute of limitations defense, it will not help Trustee in this case. Equitable estoppel applies in cases where the plaintiff knows that there is a valid claim that may be asserted against the defendant in time to bring a suit within the applicable limitations period. In those cases, the defendant's misrepresentations induce the plaintiff to wait until it is too late to assert the claim. Here, Trustee alleges that he did not know that a valid claim existed until after the limitations period expired because Golf Mill did not disclose the value of its collateral. Therefore, the applicable equitable remedy in this case would be a tolling of the statute of limitations for the period of Golf Mill's concealment, not equitable estoppel. Accordingly, Count II must be dismissed as untimely.

### CONCLUSION

Because Trustee has not adequately alleged a defense to the two year statute of limitations of § 549(d), Count II of the complaint must be dismissed for failure to state a cause of action. However, because § 549 is inapplicable to Count I and because the Court concludes that the Agreed Order is void due to failure to comply with the due process requirements of Rule 4001(d), Golf Mill's motion to dismiss Count I shall be denied.