## In re PARTIAL HOSPITAL INSTITUTE OF AMERICA, Debtor.

### No. 97–13178.

United States Bankruptcy Court, S.D. Alabama.

Aug. 29, 2001.

A. Richard Maples, Jr., Mobile, AL, for trustee.

Louis C. Norvell, Mobile, AL, for DFS Credit Corp.

Charles Baer, Mobile, AL, Assistant United States Attorney.

## ORDER SETTING ASIDE THE ORDERS OF JANUARY 13, 1999 AND MARCH 28, 2000

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of the United States for relief from judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is setting aside the orders of January 13, 1999 and March 28, 2000.

### FACTS

On October 27, 1995, Partial Hospital entered into an accounts receivable purchase agreement with DFS. Under the agreement, DFS advanced funds to Partial Hospital secured by the accounts receivable of Partial Hospital. On September 5, 1997, Partial Hospital filed for relief pursuant to chapter 7 of the Bankruptcy Code. DFS filed a proof of claim claiming a secured claim of $247,617.17 and an unsecured claim of $300, 000. The United States filed a claim in the amount of $155,417.96, of which $142,073.71 was claimed as secured, $11,357.55 as unsecured priority and $1,986.70 as unsecured. The proof of claim filed by the United States listed the following as the address where notices should be sent:

Internal Revenue Service
SPECIAL PROCEDURES STAFF
801 TOM MARTIN DRIVE Stop R126
BIRMINGHAM, AL 35211

On December 17, 1998, DFS filed a motion to lift the automatic stay and distribute funds paid to the estate from the accounts receivable. The certificate of service filed by DFS with its motion

shows that notice was sent to the Debtor's attorney, the trustee, and the trustee's attorney. The Court set the motion for a hearing and stamped the back of the notice of hearing with the following: "NOTICE TO BE MAILED BY MOVANT. SENT TO MOVANT 12/30/98." On January 12, 1999, the Court held a hearing on the motion. The United States did not appear at the hearing. By Order dated January 13, 1999, the Court granted the motion and authorized payment of $ 40,000 to DFS. The court file does not reflect that notice of the motion, hearing, or the January 1999 order was served on the United States.

On February 18, 2000, DFS filed a second motion for distribution of funds received from the accounts receivable. The Certificate of Service filed by DFS with the motion shows notice was sent to the debtor's attorney, the trustee, and the attorney for the trustee. On February 28, 2000, the Court set the motion for a hearing and sent a notice to "all creditors on the matrix and parties in interest herein." The certificate of service shows the notice of the hearing was sent to the following United States addresses:

Internal Revenue Service
801 Tom Martin Drive, Room 126
Birmingham, AL 35211

Internal Revenue Service
Special Procedures Func.,
500 22nd St., South
Birmingham, AL 35233

Internal Revenue Service
c/o U.S. Attorney
169 Dauphin St. Ste. 200
Mobile, AL 36602

Again, the United States did not appear at the hearing. On March 28, 2000, the

Court granted the motion and authorized the payment of $75,000 to DFS.

On June 27, 2001, the United States filed a motion to set aside the Court's orders of January 13, 1999 and March 28, 2000. The United States alleges that it was only recently informed of the Court's orders of January 13, 1999 and March 28, 2000.

## LAW

The United States alleges that the Court was without personal jurisdiction over the United States due to lack of service and requests that the orders be set aside pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which is applicable to bankruptcy cases pursuant to Bankruptcy Rule 9024. Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ... ( 4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. The United States filed its motion more than a year after the orders were entered. Thus, the United States can not use reasons (1), (2) or (3) of Rule 60(b).[1] Reason (f) does not apply and

1. Bankruptcy Rule 9024 waives the one year limitation under certain circumstances.

However, for motions to reconsider an order

thus there are only two possible reasons remaining to set aside the orders—"the judgment is void" or for "any other reason justifying relief from the operation of the judgment." The Court will discuss each issue below.

### A.

■ The United States alleges that the Court lacked personal jurisdiction over the United States. Lack of personal jurisdiction would render a judgment void. *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 832 (9th Cir. BAP 1995). Defective notice may result in a lack of jurisdiction over a party. *Id.* However, when a party files a proof of claim it submits itself to the bankruptcy court's jurisdiction at least for purposes of proceedings involving the allowance and disallowance of claims or the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. *Id.*; *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), reh'g denied, 498 U.S. 1043, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991) ("the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction"); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58, 109 S.Ct. 2782, 106 L.Ed.2d 26 and n. 14 (1989) ("by presenting their claims respondents subjected themselves to all the consequences that attach to an appearance . . ."). The payment of estate funds to DFS affected the claim filed by the United States. The opposition of the United States to the motion to pay DFS involved the status and priority of the claim filed by the United States. The orders restructured the debtor-creditor relationship. Thus, for the purpose of the orders at issue, the United States submitted itself to the personal jurisdiction of this Court by filing a claim and the order is not void for lack of personal jurisdiction.

■ A judgment is also void when there has been defective service of process causing a party to be denied due process of law. *Levoy*, 182 B.R. at 833. "[P]roper service on the United States is a condition to waiver of sovereign immunity, and as such, is necessary in order to obtain jurisdiction over the United States." *In re F.C.M. Corp.*, 1987 WL 364456, * 2 (S.D.Fla.1987). Bankruptcy Rule 9014 mandates that in a contested matter the motion must be served "in the manner provided for service of a summons and complaint by Rule 7004." Bankruptcy Rule 7004 requires that service upon the United States be made:

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney . . . and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States . . .

■ DFS admits that it did not follow the requirements for proper service. However, DFS alleges that the United States did receive notice of the March 28, 2000 hearing and although service was technically inadequate, the notice was sufficient to provide the United States with due process of law. DFS has offered no justifiable excuse for failing to serve the United States properly. The requirements of Rule 7004 "ensure that the Department of Justice, which has been charged with supervision of all litigation in which the Government is a party, may properly supervise such litigation and only

it is only waived if the order allowed or disallowed a claim.

in those instances where it consents to be sued." *Id.* at *3. The United States did not receive any notice of the January 1999 hearing and received defective notice of the March 2000 hearing since the only notice the United States received was the notice provided by the Court to all creditors. Some courts have held that even actual notice is not sufficient to waive sovereign immunity and obtain jurisdiction over the United States. See *id.*; see also *Campbell v. Castelo (In re Campbell),* 105 B.R. 19, 20 (9th Cir. BAP 1989) ("Even receipt of actual notice does not remedy the technically defective service through which the court fails to obtain personal jurisdiction.") (quoting *In re Horob,* 54 B.R. 693, 696 (Bankr.D.N.D.1985); *In re Valeu,* 53 B.R. 549, 553 (Bankr.D.N.D. 1985)); *In re Hollis and Co.,* 86 B.R. 152, 154 (Bankr.E.D.Ark.1988) ("any meaningful waiver must be knowingly made"). *Ross v. Rainbow Travel Agency (In re Crown Hotels (Washington) Corp.),* 188 B.R. 1, 3 (Bankr.D.Dist.Col.1995) (service of trustee's complaint without summons was not sufficient, though defendant sent correspondence to trustee in response, and trustee's efforts to serve foreign defendant by regular mail, rather than by personal service, were ineffective).

DFS cites to several cases for the contrary proposition that actual notice is sufficient and that defective service alone will not void a judgment. The cases are distinguishable. A bankruptcy court in California found that a technical violation of notice requirements does not ipso facto establish lack of jurisdiction. *In re Manchester Center,* 123 B.R. 378 (Bankr. C.D.Cal.1991). However, the party who claimed inadequate service in the Manchester case participated in the initial hearing and was merely claiming inadequate service as to a proposed stipulation. *Id.* The party did not lack proper notice of the entire action and by appearing at the hearing could not then claim lack of personal jurisdiction. In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the court based its decision as to whether notice was sufficient on whether the parties had been denied due process. However, the Mullane case, as it relates to this case, involved due process problems arising when an action potentially affected persons whose addresses and/or names are unknown and is thus distinguished from the instant situation. Likewise, the situation in *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) can also be distinguished from this case. The *Link* case involved the court's sua sponte dismissal of the case for failure of plaintiff's counsel to appear at the pretrial conference and for lack of prosecution. The court found that the case could not be dismissed with no prior notice to the parties. Plaintiff was properly notified of the pretrial conference and failed to attend. This is not analogous to the situation here. In addition, other courts have since disagreed with or limited the ruling of *Link.* See *Dimon v. Mansy,* 198 W.Va. 40, 479 S.E.2d 339 (1996); *U.S. v. $184,505.01 in U.S. Currency,* 72 F.3d 1160 (3rd Cir.1995). The analysis of *GAC Enterprises, Inc. v. Medaglia (In re Medaglia),* 52 F.3d 451 (2d Cir.1995), also does not apply. The *Medaglia* case involved the failure of a creditor to file a proof of claim where the creditor did not receive formal notice of the bar date. *Id.* Section § 523(a)(3) of the Bankruptcy Code provides that a debt will be discharged if the creditor timely files a proof of claim or had "notice or actual knowledge of the case in time for such timely filing." In the instant case, there is no applicable Code section stating that "actual knowledge" is sufficient. The case of *In re Sam,* 894 F.2d 778 (5th Cir.1990) also involves an

analysis of § 523. In the case of *In re American Development Int'l Corp.*, 188 B.R. 925 (N.D.Tex.1995), the party claiming lack of proper notice not only knew of, but actually participated in the hearing, and also had remedies available to set aside the order. The case of *In re Lowe*, 169 B.R. 436 (Bankr.E.D.Okla.1994) involved a creditor who received notice of a proposed sale of property, however the legal description of the property was not completely accurate. The notice listed the property as: "NE/4 NE/4 SW/4, Section 3–T7N–R25E, LeFlore County, Oklahoma, (previous homestead)" but, its full legal description was: "NE/4 NE/4 SW/4 SW/4, Section 3, Township 7 North, Range 25 East, LeFlore County, Oklahoma." The creditor received the notice and the court held that the notice contained sufficient information to apprize the creditor of the action being taken. The issue was not whether the creditor had been properly served, but whether the content of the notice was sufficient.

In this case, the United States was not properly served. Based on the above case law, the orders of January 13, 1999 and March 28, 2000 may be void, but the Court does not even have to reach this harsh result.

### B.

■■■■■ Even if the orders are not void, they may still be set aside for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). This is obviously a section which gives a court some discretion. For three reasons, these orders must be set aside: (1) the orders, by virtue of the bankruptcy scheme of procedure, were interim, not final orders; (2) DFS knew the orders were only interim orders and not final distributions; and (3) DFS did not give proper notice to the Government.

Interim distributions are interlocutory in nature. See *In re M. Paolella & Sons, Inc.*, 85 B.R. 965, 971 (Bankr.E.D.Pa.1988) ("any distribution made to MNC would likely be interim and recoverable by the trustee, if MNC is shown to have received a sum greater than that to which is was entitled."); In re American Int'l Airways, Inc., 47 B.R. 716, 722 ( Bankr.E.D.Pa.1985) (discussing the interlocutory nature of interim fee awards). The order of March 28, 2000 even states that "The payment of this amount is subject to the Court's award of commissions and expenses to the Trustee upon final settlement . . ." The parties knew that this was not a final distribution and was subject to any necessary adjustments upon final distribution. Even if all parties have been properly served, a creditor who receives an interim distribution still runs the risk that the distribution will have to be refunded to the estate if necessary for final distribution.

It would be inequitable to allow DFS to keep the distributions if other creditors having the same or greater priority did not participate equally in the distribution and the estate does not have sufficient funds remaining to distribute to those creditors now. DFS did not intentionally try to acquire a distribution greater than that to which it was entitled. However, if a creditor wants an interim distribution, it must take on the responsibility of properly notifying the affected parties so that no problem arises later. This Court finds that there is *reason to justify setting aside the* orders.

THEREFORE, IT IS ORDERED AND ADJUDGED that the motion of the United States for relief from judgment is GRANTED and the orders of January 13, 1999 and March 28, 2000 are SET ASIDE.