**In re Raymond R. OLSEN, Debtor.**

**John R. OLSEN, Appellant,**

v.

**Gordon ZERBETZ, Trustee, Appellee.**

No. 93–35143.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1994.

Decided Sept. 19, 1994.

John R. Olsen, pro se.

Bernd C. Guetschow, Anchorage, Alaska, for appellee Gordon Zerbetz.

Joseph M. Moran and Deirdre D. Ford, Staley, DeLisio & Cook, Anchorage, Alaska, for appellee First Bank.

Before: WRIGHT, WIGGINS, and THOMPSON, Circuit Judges.

WIGGINS, Circuit Judge:

John R. Olsen wants to know for whom the statute tolls; it tolls for thee. The two-year limitation period on the bankruptcy trustee's action to void a postpetition transfer of estate property was equitably tolled by the petitioner's conduct.

Raymond and Gladys Olsen (Olsens) were sole owners of Olsen & Sons Logging, Ltd. (O & S). In the summer of 1984, both the Olsens and O & S filed for Chapter 11 relief. The Olsens listed some real properties on their bankruptcy schedules. Both Chapter 11 cases were converted to Chapter 7 liquidations in September, 1987.

In March, 1989, without approval from the bankruptcy court or notice to the trustee, the Olsens conveyed their interest in the listed properties to their son John (Appellant) and his wife Olivia. In October 1991, the trustee sought and obtained an order voiding the conveyances under 11 U.S.C. § 549 as a postpetition transfer of estate property and an order under § 542 instructing Appellant to return the properties to the estate. The district court affirmed.

■■■ We have jurisdiction under 28 U.S.C. § 158(d). We review de novo conclusions of law of the bankruptcy and district courts. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir.1992). We review for clear error findings of fact. *In re BFP*, 974 F.2d 1144, 1146 (9th Cir.1992), *aff'd sub nom. BFP v. RTC*, — U.S. ——, 114 S.Ct.

1757, 128 L.Ed.2d 556 (1994). We may affirm on any ground supported by the record. *Id.*

 Appellant argues that the limitation period ran before the trustee filed suit and that the language of 11 U.S.C. § 549(d) precludes tolling.[1] The two-year limitation period in § 549(d) began running when the postpetition transfer of estate property occurred. And the trustee filed his action over two years after the transfer. The trustee argues that the Olsens' conduct tolled the statute until the trustee discovered the conveyances.

We hold that § 549(d) can be equitably tolled. Recently, we held that the limitation period in § 546(a)(1) was "subject to equitable tolling in proper circumstances." *In re United Insurance Mgmt., Inc.,* 14 F.3d 1380, 1384–85 (9th Cir.1994) (citing *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) (discovery doctrine "read into every federal statute of limitations"). We noted that "[e]very court that has considered the issue has held that equitable tolling applies to § 546(a)(1)." *Id.* at 1385. Likewise, every court to consider if equitable tolling applies to § 549(d) has concluded that it does.[2] In light of the *Holmberg* doctrine, we see no reason to disagree.

And this was a proper circumstance. The Olsens owned the property prepetition. They listed the property on their schedules. They knew it was listed for sale by the estate. Yet they conveyed the property to their son without court authorization and without notice to the trustee. They also violated their duty to cooperate with the

trustee and surrender any recorded information. *See* 11 U.S.C. § 521(3) & (4).

Because the trustee remained in the dark " 'without any fault or want of diligence or care on his part,' " the statute did not begin running until he discovered the conveyance. *United Insurance,* 14 F.3d at 1384 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991)).[3]

**AFFIRMED.**

---

**1.** Section 549(d) provides, "An action or proceeding under this section may not be commenced after the earlier of—(1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed."

**2.** *Cf. Smith v. Mark Twain Nat'l Bank,* 805 F.2d 278, 293–94 (8th Cir.1986) (holding that equitable estoppel may toll § 549(d)); *In re E–Tron Corp.,* 141 B.R. 49, 55–56 (Bankr.D.N.J.1992) (§ 549(d) may be equitably tolled); *In re Dakota Drilling, Inc.,* 135 B.R. 878, 888–89 (Bankr. D.N.D.1991) (§ 549(d) equitably tolled); *In re Bennett,* 133 B.R. 374, 380–81 (Bankr.N.D.Tex. 1991) (same); *In re Fan,* 132 B.R. 430, 432–33 (Bankr.D.Haw.1991) (same as *Dakota Drilling); In re Bookout Holsteins, Inc.,* 100 B.R. 427, 429–31 (Bankr.N.D.Ind.1989) (same); *In re Papa's Market Cafe, Inc.,* 162 B.R. 519, 524–25 (Bankr.

N.D.Ill.1993) (tolling may but did not apply); *Consolidated Partners Investment Co. v. Lake,* 152 B.R. 485, 491–92 (Bankr.N.D.Ohio 1993) (same).

**3.** When the Olsens filed bankruptcy, the property listed on the bankruptcy schedules became part of the estate. 11 U.S.C. § 541(a)(1). This transfer of rights occurred by operation of federal law. *See In re Crevier,* 820 F.2d 1553, 1556–57 (9th Cir.1987) (except for bona fide purchasers for value). For real property (which apart from occupation cannot be physically "collected"), this transfer of rights, i.e., equitable title, to the estate satisfied the trustee's duty to collect. And the trustee had no duty to routinely check if the Olsens had clouded legal title. He was entitled to rely on the Olsens' prior statements and presumed willingness to cooperate.