53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re WILLIAM A. KNAUSS, Debtor.
William A. KNAUSS, Appellant,
v.
Cecilia KNAUSS; Ronald Ancell, Trustee; Fred R. Kartchner,
Appellees.
 No. 94-16541.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Knauss appeals pro se the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's order vacating its earlier order granting Knauss's motion to convert his case from Chapter 7 to Chapter 13. We review de novo the BAP's conclusions of law, and we review for clear error its findings of fact. Olsen v. Zerbetz (In re Olsen), 36 F.3d 71, 72 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d) and affirm.
 
 
 3
 * Background
 
 
 4
 On August 13, 1991, Knauss filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On December 31, 1991, he was granted a discharge. Knauss filed a motion with the bankruptcy court to convert his case from Chapter 7 to Chapter 13. On July 29, 1993, the bankruptcy court entered a conversion order. On July 27, 1993, the Trustee filed an opposition to the conversion motion. On October 26, 1993, the bankruptcy court vacated its earlier conversion order because (1) the conversion motion was not served upon the Trustee, and (2) Knauss was not eligible for Chapter 13 relief.
 
 
 5
 On appeal, the BAP affirmed the bankruptcy court's findings. Knauss timely appeals.
 
 II
 Merits
 A. Service of the Conversion Motion
 
 6
 Knauss contends that, as a pro se debtor, he was not required to personally give notice of his motion for conversion to the Trustee. This contention lacks merit.
 
 
 7
 Knauss concedes that Fed.R.Bankr.P. 9013 requires notice and hearing of a motion for conversion, but he cites Fed.R.Bankr.P. 2002(f)[1] as support for his contention that the debtor is not responsible for such notice. Rule 2002(f) does not support Knauss's contention because it contains requirements regarding notice of the actual conversion of a case, and does not address requirements regarding notice of a motion for conversion.
 
 
 8
 The BAP correctly determined that a motion for conversion must "be served by the moving party on the trustee...." Fed.R.Bankr.P. 9013 (emphasis added). Accordingly, because the moving party is required to serve a motion for conversion on the trustee, the BAP did not err by affirming the bankruptcy court's order vacating its earlier order because Knauss failed to give the Trustee proper notice of his motion for conversion. See id.
 
 B. Chapter 13 Relief
 
 9
 Alternatively, even if Knauss had properly served the Trustee, the BAP did not err by affirming the bankruptcy court's finding that Knauss was not eligible for Chapter 13 relief.
 
 
 10
 Knauss contends that he is eligible for Chapter 13 relief because he presently has a regular income and has noncontingent, liquidated, unsecured debts of less than $100,000. These contentions lack merit.
 
 
 11
 Chapter 13 relief is available only to a debtor with a "regular income [who] owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, secured debts of less than $250,000...." 11 U.S.C. Sec. 109(e).
 
 
 12
 First, Knauss contends that, because he is presently receiving a regular income, he is statutorily eligible for Chapter 13 relief. We decline to consider new evidence of Knauss's present income raised for the first time on appeal. See Wind Power Sys. v. Cannon Fin. Group (In re Wind Power Sys.), 841 F.2d 288, 290 n. 1 (9th Cir.1988). There is nothing in the record to indicate that Knauss was receiving a regular income at the time of the bankruptcy court's order. Moreover, Knauss filed an application for in forma pauperis status with the BAP which stated that he had not received any income during the preceding twelve months. Accordingly, the bankruptcy court did not err by finding that Knauss was not eligible for Chapter 13 relief, and the BAP did not err by affirming the bankruptcy court's finding. See 11 U.S.C. Sec. 109(e).
 
 
 13
 Second, Knauss contends that the proper time for determining the amount of noncontingent, liquidated, unsecured debt is at the confirmation of a Chapter 13 plan and not on the date of the filing of the petition. The statutory language clearly indicates that debts are calculated from the date of the filing of the petition. Id. Accordingly, because Knauss's debts exceeded the statutory limit at the date of the filing of his petition, the BAP did not err by determining that Knauss was not eligible for Chapter 13 relief. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "[T]he clerk, or some other person as the court may direct, shall give the debtor, all creditors, and indenture trustees notice by mail of ... (2) the dismissal or the conversion of the case to another chapter." Fed.R.Bankr.P. 2002(f)