**In re NATURALLY BEAUTIFUL NAILS, INC., Nail Masters, Inc., Debtors.**

**Naturally Beautiful Nails, Inc., Plaintiff,**

**v.**

**Bay Area Capital, Inc., Intervenor–Plaintiff,**

**v.**

**Wal–Mart Stores, Inc., d/b/a Sam's Club, Defendant.**

**Bankruptcy Nos. 95–321–8P1 and 95–802–8P1.**

**Adversary No. 98–727 and 99–160.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 9, 1999.

Buddy D. Ford, Tampa, FL, Bernard H. Gentry, Richard M. Clark, Lakeland, FL, Neal L. O'Toole, Bartow, FL, Richard C. Prosser, Tampa, FL, Vincent M. D'Assaro, Orlando, FL, Whitney Head, Bentonville, AR.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST DEBTORS ON COUNTS I AND II OF COMPLAINT (DOC. NO. 23)

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Motion for Summary Judgment filed by Wal–Mart Stores, Inc., d/b/a Sam's Club (Sam's Club). The Motion is addressed to Counts I and II of the Complaint filed by Naturally Beautiful Nails (Debtor). The claim set forth in Count III is based on an alleged breach of contract which is not presently before this Court. Bay Area Capital, Inc., is the Intervenor–Plaintiff in Adversary Proceeding No. 99–160 a proceeding that has been procedurally consolidated with Adversary Proceeding No. 98–727.

The current controversy is only between the Debtor and Sam's Club. It is the contention of Sam's Club that there are no genuine issues of material fact and based upon the facts Sam's Club is entitled to judgment as a matter of law dismissing the claims in Counts I and II with prejudice.

The following facts are indeed without dispute. The Debtor has conceded that the claim in Count II, based on an alleged preferential transfer, is barred by the statute of limitations. This leaves for consideration the remaining claim set forth in Count I which seeks to avoid as fraudulent the retention of certain funds by Sam's Club funds which are claimed to be property of the estate of the Debtor pursuant to 11 U.S.C. § 548 and Fla.Stat. 726.01 et. seq. as adopted by 11 U.S.C. § 544(b). The Court heard argument of counsel, considered the pertinent part of the record and finds that the Debtor filed its Petition for relief under Chapter 11 of the Bankruptcy Code on January 13, 1995. The instant adversary proceeding was commenced by the Debtor over three years later, on December 12, 1998, by the filing of a three-count Complaint.

The Debtor concedes, as it must, that if its claim set forth in Count I (the fraudulent transfer count) is governed by Section 546(a) the claim is time barred. Section 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under Sec. 702, 1104, 1163, 1202 or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

11 U.S.C. Sec. 546(a).

However, since the claim in Count I is based on the Uniform Fraudulent Transfer Act as adopted by Fla.Stat. 726.01, et seq., the Debtor contends that it's claim set forth in Count I is not time barred, having been brought prior to the expiration of the

four years which, according to the Debtor, governs suits under Fla.Stat. 726.01.

■ As long as the state law statute of limitations has not run before the debtor's filing for bankruptcy, the trustee can bring a fraudulent conveyance action as long as he complies with the provisions of Section 546. See *In re Dry Wall Supply, Inc.,* 111 B.R. 933, 935 (D.Colo.1990). In the case of *In re Gerardo Leasing, Inc.,* 173 B.R. 379 (Bankr.N.D.Ill.1994), the court, having considered the identical issue, concluded that a suit brought by the Trustee under the Illinois Uniform Fraudulent Transfer Act, which also had a four year statute of limitations, was governed by Section 546(a) and not by the statute of limitations of the Illinois Statute. This interpretation is consistent with the well recognized policy goal of the Code that the estates shall be administered expeditiously, compatible with the interests of all parties involved, and with the understanding that delays are prejudicial not only to the potential defendants but also to the creditors of the estate. *In re Luria Steel and Trading Corp.,* 189 B.R. 418 (N.D.Ill.1995).

■ This Court is in agreement with the holding of *Gerardo Leasing, supra,* and is satisfied that the correct reading of Section 546(a) permits but one conclusion, that the two year limitation governs the suit filed by the Debtor and is time barred unless the Debtor may preserve the suit by presenting a persuasive argument in support of its alternative theory of equitable tolling.

■ Under the doctrine of equitable tolling, "the statute does not begin to run until 'the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice.'" *In re Candor Diamond Corp.,* 76 B.R. 342, 350 (Bankr.S.D.N.Y.1987), quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 461 (2d Cir.1974). The two year limitation

fixed by Section 546(a) is subject to the doctrine of "equitable tolling." *In re M & L Business Machine Co., Inc.,* 75 F.3d 586 (10th Cir.1996); *In re Olsen,* 36 F.3d 71 (9th Cir.1994).

■ The Debtor contends that it did not acquire actual knowledge and could not have acquired knowledge that Sam's Club had been holding back a portion of the funds allegedly belonging to the Debtor until the Honorable Paul M. Glenn entered his Final Judgment on November 4, 1998. Accordingly, the Debtor contends that that was the first time it learned about its claim against Sam's Club and based on the doctrine of equitable tolling its claim should not be barred by 11 U.S.C. § 546. The Debtor's reliance on Judge Glenn's decision is misplaced. The Debtor failed to ask this Court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of that decision which is not part of the record of this adversary proceeding. Moreover, Sam's Club was not party to that litigation and, therefore, whatever was decided in that adversary proceeding cannot be binding on Sam's Club.

Based on the foregoing, this Court is satisfied that the relevant facts presented fall short of justifying the application of the doctrine of equitable tolling. Further, no genuine issues of material fact remain and, as a matter of law, the claim asserted in Count II is time barred and can no longer be asserted by virtue of 11 U.S.C. § 546(1)(A).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is granted in favor of the Defendant, Wal–Mart Stores, Inc., and against the Plaintiff, Naturally Beautiful Nails, Inc., as to Counts I and II of the Complaint. Defendant's counsel is hereby directed to submit a proposed final judgment as to Counts I and II within fifteen days from the date of the entry of this Order.