**In re Linda GONZALEZ, Debtor.**

**No. SA 02–13233 JR.**

United States Bankruptcy Court,
C.D. California.

Dec. 16, 2003.

**690**

Bradford Calvin, Law Offices of Bradford Calvin, Santa Ana, CA, for Debtor.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

## I. INTRODUCTION

On April 25, 2002, Linda Gonzalez ("Debtor") filed a chapter 7[1] petition. Debtor listed real property located at 1321 S. Claremont Street, Anaheim, California (the "Property") on her schedules. Shortly after Debtor's § 341(a) meeting of creditors, the chapter 7 trustee ("Trustee") filed a no asset report resulting in the technical abandonment of the Property.

Later, Trustee moved to (1) reopen the case, (2) withdraw the no asset report, and (3) revoke the technical abandonment. The motion was granted, and Debtor timely moved for reconsideration of the decision. After the hearing on October 14, 2003, I took the matter under submission.

## II. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 157(b)(1). This is a core proceeding under the Bankruptcy Code, as defined in 28 U.S.C. § 157(b)(2)(A).

## III. STATEMENT OF FACTS

On her schedules, Debtor listed the value of the Property as $125,000 and stated that it was encumbered by a secured claim in the amount of $60,000.[2] Debtor also claimed a homestead exemption for the Property in the amount of $65,000.

At Debtor's § 341(a) meeting, Trustee questioned Debtor about how the Property had been valued.[3] Debtor's attorney answered that it had been valued during Debtor's recent divorce. Trustee filed a no asset report, and the case was closed on August 26, 2002.

On June 19, 2003, Trustee filed a motion to reopen the case for the purpose of withdrawing the no asset report, revoking the abandonment, and administering the Property. Trustee stated that he had received new information indicating that the Property had been grossly undervalued and that its actual fair market value was between $275,000 and $290,000. Trustee argued that Debtor had misled him or, in the alternative, that the abandonment was inadvertent and that creditors were entitled to administration of the Property.

In opposition to the motion, Debtor explained that she had relied on her former attorney in valuing the Property.[4] Debtor

---

1. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. Debtor used a form schedule to list her interests in real property. Debtor listed the Property, but left the column marked "Nature of Debtor's Interest in Property" blank.

3. The interrogation went as follows:

   Trustee: *Okay, how did you value the Claremont Street real estate at $125,000?*

   Debtor: *The value?*

   Trustee: *Yes, you want to tell me about that?*

   Debtor's Attorney: *She just went through a divorce and, ah, the house was valued in the divorce at that ... amount.*

   Trustee: *Okay.*

   Supplemental Opposition to Motion to Revoke Technical Abandonment (August 1, 2003), at 2.

4. Specifically, Debtor stated that when she first met with her attorney, she told him that she did not know the value of the Property

argued that any misunderstanding about the value of the Property was the result of Trustee's failure to conduct a proper inquiry. Specifically, Debtor noted that Trustee did not ask whether the value listed represented the full value of the Property or only Debtor's community property interest.

Although the evidence indicated that Debtor had not intentionally misrepresented the facts or acted fraudulently in connection with her case, I granted the motion to withdraw the no asset report and revoke the technical abandonment. I now DENY Debtor's motion for reconsideration.

## IV. DISCUSSION

### A. Revocability of a Technical Abandonment

■ Section 554(c) provides:

Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

11 U.S.C. § 554(c). The abandonment of property of the estate that results from the closing of a case is commonly referred to as a "technical abandonment" because it occurs automatically, without any notice or hearing. *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 197 (9th Cir. BAP 1998).

■ The *DeVore* court thoroughly analyzed the issue of revocation of a technical abandonment. The court explained:

A number of cases recognize a general rule that abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed ... The rationale for the general rule is that once an asset has been abandoned, it is no longer part of the estate and is effectively beyond the reach and control of the trustee. Courts have also noted the policy of preserving finality.

Notwithstanding the general rule, the prefatory language of § 554(c) "unless the court orders otherwise," indicates that courts have discretion to affect or prevent technical abandonment simply by ordering otherwise. The statute does not limit such an order to the period prior to case closure, and courts have set aside technical abandonments in "appropriate circumstances." "Appropriate circumstances" have been found where the trustee is given false or incomplete information about the asset by the debtor; the debtor fails to list the asset altogether; or where the trustee's abandonment was the result of a mistake or inadvertence, and no undue prejudice will result in revocation of the abandonment.

*Id.* at 198 (citations omitted). Thus, the *DeVore* court acknowledged that courts had developed three exceptions to the general rule of irrevocability of a technical abandonment: (1) where the trustee is given false or incomplete information about the asset by the debtor, (2) where the debtor fails to list the asset altogether, and (3) where the trustee's abandonment was the result of a mistake or inadvertence, and no undue prejudice will result from revocation of the abandonment. *Id.*

but that she believed it was approximately $200,000. Debtor's attorney replied that he would investigate the value and would exclude the interests of her husband and daughter. When Debtor returned to her attorney's office, she met with one of his assistants to sign her petition. Debtor noted that her attorney had listed the value as $125,000. She assumed that he had listed the correct amount.

The first two exceptions listed in *De-Vore* have been widely accepted and applied without substantial debate. *In re Ozer*, 208 B.R. 630, 633 (Bankr.E.D.N.Y. 1997) (characterizing these exceptions as "universal exceptions to the finality of abandonment"). Indeed, the "false or incomplete information" exception has been discussed in several recent cases in this circuit. *See Catalano v. Comm'r of Internal Revenue*, 279 F.3d 682, 686 (9th Cir. 2002); *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir.2001); *Vasquez v. Adair (In re Adair)*, 253 B.R. 85, 89 (9th Cir. BAP 2000).

On the other hand, the third exception listed in *DeVore* has not been addressed by courts in this circuit. In fact, later in its opinion, the *DeVore* court specifically reserved decision on the validity of the third exception:

> We do not here decide whether a court can, for equitable reasons, or because of the trustee's inadvertence, set aside a valid technical abandonment: those issues must await other cases.[5]

*DeVore*, 223 B.R. at 199.

## B. Abandonment of the Property

### 1) False or Incomplete Information

■ Revocation of a technical abandonment is appropriate where a trustee is given false or incomplete information so as to preclude a proper investigation of the

asset. *Catalano*, 279 F.3d at 686; *Cusano*, 264 F.3d at 946; *Adair*, 253 B.R. at 89.

■ Here, the information provided by Debtor was either false or incomplete.[6] Debtor's petition listed the value of the Property as $125,000 when the value was actually substantially higher. Debtor's counsel confirmed this valuation at the § 341(a) meeting, stating that the Property had been valued at $125,000 during Debtor's recent divorce. If Debtor and her attorney intended to list the fair market value of the Property, the information provided in Debtor's schedules was false. On the other hand, if Debtor intended to list only one half the value of the Property, then the schedules were improperly completed,[7] and they provided incomplete information regarding the basis for the valuation.

■ Here, the issue is whether Trustee was effectively precluded from conducting a proper investigation of the Property as a result of the information provided. A trustee has a duty to investigate the financial affairs of a debtor. 11 U.S.C. § 704. In conducting his investigation, a trustee must "exercise that measure of care and diligence that an ordinarily prudent person would exercise under similar circumstances." *United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 730 (9th Cir.1986); *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 884 (9th Cir. BAP 1995). However, a

---

**5.** The issue presented on appeal in *DeVore* was whether reopening a case automatically revoked a technical abandonment. *DeVore*, 223 B.R. at 197–98. The court held that the reopening of a case, by itself, does not revoke a technical abandonment. *Id.* at 199.

**6.** The evidence indicates that Debtor did not intentionally conceal information about the Property. However, in the Ninth Circuit, an intent to conceal is not a required element under the exception to irrevocability for false

or incomplete information. *Catalano*, 279 F.3d at 686; *Cusano*, 264 F.3d at 946.

**7.** Even if the Property was a community property asset, Debtor was required to list its full value. 11 U.S.C. § 541(a)(2); *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir.1998) (holding that all community property of a divorcing couple is part of the bankruptcy estate until the property is divided by court order).

trustee is entitled to rely on statements from a debtor in carrying out his duties. *See Olsen v. Zerbetz (In re Olsen)*, 36 F.3d 71, 73 n. 3 (9th Cir.1994).

■ Here, Debtor signed the petition under oath, stating that the fair market value of the Property was $125,000. Trustee then questioned Debtor at her § 341(a) meeting about how the Property had been valued on her schedules. Debtor's attorney interjected, stating that the Property had been valued during Debtor's recent divorce. Therefore, Trustee had a statement by Debtor under oath as well as a statement from an officer of the court indicating that the Property was properly valued at $125,000.

Trustee reasonably relied on the information provided by Debtor and her attorney and determined that administration of the Property would not benefit the estate. There was no indication that Debtor's schedules listed anything but the full value of the Property. The statements of Debtor and her counsel were misleading, lacked full disclosure, and effectively precluded Trustee from fully investigating the value of the Property. As a result, Trustee filed a no asset report, causing the case to be closed and the Property to be technically abandoned. Under these circumstances, a revocation of the technical abandonment is appropriate.

*2) Mistake or Inadvertence*

As an alternative basis for relief, Trustee argued that the technical abandonment was inadvertent. As noted above, the existence of an exception to the principle of irrevocability of technical abandonments for a trustee's mistake or inadvertence has not been determined by courts in this circuit.

■ Other circuit courts have found that mistake, inadvertence, or excusable neglect are appropriate grounds for vacating a technical abandonment under Federal Rule of Civil Procedure ("FRCP") 60(b)(1) (applicable in bankruptcy under Rule 9024). *See Woods v. Kenan (In re Woods)*, 173 F.3d 770 (10th Cir.1999); *Matter of Lintz West Side Lumber, Inc.*, 655 F.2d 786, 791 (7th Cir.1981). The rule permits a court to vacate a prior order based on "mistake, inadvertence, surprise or excusable neglect" as long as the motion is brought within one year of entry of the order. Fed. R. Civ. Proc. 60(b)(1).

■ A technical abandonment occurs upon an order from the court closing a case. 11 U.S.C. § 554(c). Therefore, a technical abandonment can be revoked by vacating the order closing the case.[8] *See Woods*, 173 F.3d at 778. FRCP 60(b)(1) is a proper mechanism for vacating prior orders of the court. Therefore, I see no reason to fashion an additional exception for revoking a technical abandonment based on mistake or inadvertence outside FRCP 60(b)(1). *See Lintz*, 655 F.2d at 791 ("There is no indication in the Rules of Bankruptcy Procedure that abandonment orders should be treated differently than other orders by a bankruptcy judge which are subject to reexamination").

■ A bankruptcy court has the equitable power to "modify or vacate its order so long as no intervening right has become vested in reliance thereon." *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir.1986). Here, although Trustee did not specifically raise FRCP 60(b), he argued mistake and inadvertence as a basis for revocation. In

---

**8.** This approach is not inconsistent with *DeVore*. Although reopening a case does not automatically revoke a technical abandon-

ment, granting relief from an order closing a case may result in a revocation of a technical abandonment. *See Woods*, 173 F.3d at 778.

addition, Trustee's motion was filed within one year of the order closing Debtor's case. Finally, Debtor has not shown that she detrimentally relied on the abandonment.[9] Therefore, it is appropriate to consider FRCP 60(b)(1) in determining whether it is equitable to grant a revocation of the technical abandonment of the Property. *See Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 740 (9th Cir.1990) (stating that a bankruptcy court can raise FRCP 60(b) sua sponte when equity so requires).

The Ninth Circuit has explained that in determining whether relief is appropriate under FRCP 60(b)(1), courts should consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir.2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Here, there does not appear to be any danger of prejudice to Debtor. Although Trustee's delay in moving to revoke the abandonment was considerable, the delay is not unreasonable in light of Debtor's failure to properly disclose the value of the Property. In addition, Trustee has acted in good faith in attempting to recover the Property for administration. Finally, creditors will be deprived of substantial value that they otherwise would be entitled to if Trustee's motion is denied. Therefore, relief from the order closing the case and the resulting technical abandonment of the Property is appropriate under FRCP 60(b)(1).

## V. CONCLUSION

A trustee may revoke a technical abandonment when a debtor provides false or incomplete information, effectively precluding a proper investigation of the abandoned asset. Here, the information provided was either false or incomplete. Based on the statements by Debtor and her attorney, Trustee reasonably concluded that the Property was of no value to the estate. In closing the case, Trustee inadvertently abandoned substantial value in the Property which would otherwise have been administered for the benefit of creditors. Trustee has acted in good faith in moving to vacate the technical abandonment, and Debtor has not been prejudiced by the delay. Therefore, a revocation of the technical abandonment of the Property is appropriate under these circumstances.

This memorandum opinion shall constitute my findings of fact and conclusions of law.

---

9. For the first time, in her reply to Trustee's opposition to the motion for reconsideration, Debtor argued that she was prejudiced as a result of the abandonment. Debtor asserted that had she known the Property would be administered by Trustee, she would have moved to dismiss her case. However, this argument fails for a number of reasons. First, the assertion is not supported by any evidence. Second, Debtor has not shown that cause existed for a voluntary dismissal as required under § 707(a). Third, arguments that are raised for the first time in a motion for reconsideration and that could have been raised in the original motion, are waived. *See Beech Aircraft Corp. v. U.S.*, 51 F.3d 834, 841 (9th Cir.1995). Therefore, Debtor has failed to show that she detrimentally relied on the abandonment of the Property.