MEMORANDUM **
Victor Segovia (“Victor”) appeals a decision of the Bankruptcy Appellate Panel that affirmed a bankruptcy court’s (1) reduction of Victor’s claim against the estate of his sister Maria Segovia (“Maria”) and (2) rejection of Victor’s objections to the claim of creditor Bach Construction, Inc. (“BCI”). We have jurisdiction under 28 U.S.C. § 158(d). We affirm.
The facts of the case are known to the parties, and we do not repeat them here.
Victor argues that the bankruptcy court erred in reducing his $726,000 claim *158 under 11 U.S.C. § 502(b)(4). The bankruptcy court correctly concluded that “reasonable value” under § 502(b)(4) means more than merely “enforceable under the law governing enforcement of the [Fee Agreement].” See Joseph F. Sanson Inv. Co. v. 268 Ltd. (In re 268 Ltd.), 789 F.2d 674, 676-77 (9th Cir.1986) (interpreting “reasonable” under § 506(b)); see also Cohen v. de la Cruz, 523 U.S. 213, 220, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (utilizing “the presumption that equivalent words have equivalent meaning when repeated in the same statute”). The bankruptcy court did not clearly err in finding that $50,000 was the reasonable value of Victor’s services in representing Maria in her dispute with BCI. See In re 268 Ltd., 789 F.2d at 677 (reviewing “bankruptcy court factual determinations under the dearly erroneous standard”).
Victor argues that the bankruptcy court erred in refusing to enforce his lien. We agree with the bankruptcy court that Victor’s Fee Agreement violated rule 3-300 of the Rules of Professional Conduct of the State Bar of California. The Fee Agreement’s terms were not “fair and reasonable to [Maria and] fully disclosed and transmitted in writing to [Maria] in a manner which should reasonably have been understood by [Maria].” See Rule 3-300(A). Victor’s claim for $50,000 is properly left unsecured. See Fletcher v. Davis, 33 Cal.4th 61, 14 Cal.Rptr.3d 58, 90 P.3d 1216, 1223 (2004).
Victor argues that the bankruptcy court improperly overruled his objections to BCI’s claim. “We may affirm on any ground supported by the record.” See Olsen v. Zerbetz (In re Olsen), 36 F.3d 71, 73 (9th Cir.1994). Victor’s objection under § 502(b)(4) lacks merit because BCI is not an insider or attorney. Victor’s objection under § 502(b)(1) also lacks merit because he does not allege that BCI’s judgment is unenforceable under applicable law. The bankruptcy court properly overruled Victor’s objections.
Victor’s motion for leave to submit voluminous exhibits is denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.