In re Adina ZAHARESCU, Debtor.

Adina Zaharescu, Appellant,

v.

**Ameriquest Mortgage Company; Ameriquest Mortgage Securities, Inc., Appellees.**

No. 13–56339.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2015.*

Filed April 30, 2015.

Adina Zaharescu, Tarzana, CA, pro se.

Kalley R. Aman, Brian T. Harvey, Esquire, Pooya E. Sohi, Buchalter Nemer PLC, Los Angeles, CA, for Appellees.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Adina Zaharescu appeals pro se from the district court's decision affirming the bankruptcy court's dismissal of her adversary proceeding alleging violations of state and federal law in connection with foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir.2004). We may affirm the bankruptcy court's decision on any ground supported by the record. *Olsen v. Zerbetz (In re Olsen)*, 36 F.3d 71, 73 (9th Cir.1994). We affirm.

Zaharescu's claims against appellees were properly dismissed because those claims were raised and decided on the merits, or could have been raised, in her prior district court action against the same defendants or their privies. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.2011) (setting forth elements of res judicata requirements and factors for establishing identity of claims); *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir.2003) ("[A] dismissal on statute of limitations grounds is a judgment on the merits.").

We reject Zaharescu's contentions concerning the impact of her objection to proofs of claim filed in another bankruptcy proceeding.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.