

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ADINA ZAHARESCU, | No. 13-56338 |
| Debtor, | D.C. No. 2:12-cv-09767-CAS |
| ADINA ZAHARESCU, | MEMORANDUM* |
| Appellant, | |
| v. | |
| OCWEN LOAN SERVICING LLC; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Adina Zaharescu appeals pro se from the district court's decision affirming

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the bankruptcy court's dismissal of her adversary complaint alleging violations of state and federal law in connection with foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We may affirm the bankruptcy court's decision on any ground supported by the record. *Olsen v. Zerbetz (In re Olsen)*, 36 F.3d 71, 73 (9th Cir. 1994). We affirm.

Zaharescu's claims based on appellees' alleged lack of authority to initiate foreclosure proceedings were properly dismissed because those claims were raised and decided on the merits, or could have been raised, in her prior district court action against the same defendants or their privies. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (setting forth elements of res judicata and factors for establishing identity of claims); *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("[A] dismissal on statute of limitations grounds is a judgment on the merits.").

To the extent Zaharescu asserted claims based on appellees' alleged misuse of bankruptcy procedures, her claims are precluded by the Bankruptcy Code. *See Miles v. Okun (In re Miles)*, 430 F.3d 1083, 1091 (9th Cir. 2005) (state law claims

for bad-faith bankruptcy filings were precluded "[b]ecause Congress intended the Bankruptcy Code to create a whole scheme under federal control that would adjust *all* of the rights and duties of creditors and debtors alike"); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 916 (9th Cir. 1996) (Bankruptcy Code preempts debtor's action for malicious prosecution against creditor for alleged filing of invalid claims in bankruptcy proceedings).

We reject Zaharescu's contentions concerning the impact of her objection to proofs of claim filed in another bankruptcy proceeding, and her contention that she should have received an opportunity to conduct discovery.

**AFFIRMED.**

13-56338